Argued April 6, reversed and remanded April 27, 1966

# ROE *v.* WARREN
## 413 P. 2d 610

*Richard Kropp,* Albany, argued the cause for appellant. On the briefs were Willis, Kyle, Emmons & Kropp, Albany.

*Bruce Williams,* Salem, argued the cause for respondent. With him on the brief were Williams, Skopil & Miller and Harry C. Coolidge, Salem.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Lusk, Justices.

SLOAN, J.

This was an action for injury plaintiff alleged he sustained when physically assaulted by defendant. At the time of the altercation plaintiff was a building inspector for the city of Albany. He had gone to defendant's place of business to inspect some construc-

tion. There was evidence that defendant did manhandle plaintiff. There was evidence that defendant was assisted by a Mr. Konzelman. However, Konzelman had not been joined as a defendant in this case. From a jury verdict and judgment for defendant, plaintiff appeals.

The sole assignment of error is directed at the court's ruling in the following cross-examination of plaintiff:

" 'Q. As soon as this is over you intend to sue Mr. Konzelman for these same injuries, don't you?

" 'Mr. Kropp: I'm going to object to that, Your Honor. That's totally irrelevant to this.

" 'Mr. Williams: I think it is important to show the state of mind, Your Honor.

" 'The Court: Overruled. You may answer.

" 'A. I don't know at this time. The thought has occurred, yes.' "

Later, in further cross-examination, defendant was permitted to expand on the notion that plaintiff had a cause of action against Konzelman.

We think the case is so analogous to *Fenton v. Aleshire,* 1964, 238 Or 24, 393 P2d 217, that our decision should be governed by the opinion in that case.

*Fenton* was a case in which a parent, as the administrator of the estate of his deceased eight year old daughter, was suing for the wrongful death of the daughter. During argument to the jury, defense counsel was permitted to state that the parents had the right to bring a separate action against the defendant and that there could, therefore be two lawsuits arising from the same accident. We held that it was error to permit reference to another cause of action and that the error was prejudicial. The opinion said

of the argument "* * * its natural tendency was to plant in the jury's mind the idea that they should allow no damages because the parents might recover in a different lawsuit brought for the loss of their child's services. We do not impute to counsel for the defendants a bad motive, but the best intentions could not neutralize the harmful effect of what he said. An argument of this kind can be just as prejudicial to a plaintiff as the wrongful injection of insurance into the trial can be to a defendant." 238 Or pages 28, 29.

That and other language of the *Fenton* case could be appropriately transposed to the instant case.

Reversed and remanded.